**BARMET OF INDIANA, INC., Appellant (Defendant Below),**

v.

**SECURITY INSURANCE GROUP, Appellee (Plaintiff Below).**

**No. 1–181A18.**

Court of Appeals of Indiana, First District.

Aug. 31, 1981.

Rehearing Denied September 29, 1981.

Patrick A. Shoulders, Kahn, Dees, Donovan & Kahn, Evansville, for appellant.

Danny E. Glass, Fine, Hatfield, Sparrenberger & Fine, Evansville, for appellee.

ROBERTSON, Judge.

Barmet of Indiana, Inc. (Barmet) appeals the declaratory judgment rendered in favor of its insurer, Security Insurance Group

(Security). Security initiated the declaratory judgment proceedings to determine whether they were obligated under the terms of an insurance contract issued to Barmet to defend a wrongful death claim.

We affirm.

Barmet engages in the recycling of aluminum at its plant on Highway 66 in Spencer County, Indiana. Barmet mixes aluminum dross, a by-product of primary aluminum production, with rock salt and the mixture is heated to its melting point. As a result of this process, certain gases are created. Barmet employs a "bag house" pollution control system which filters the gases from the furnaces before their release into the atmosphere. On numerous occasions these gases would escape from the plant. The escaping emissions travel for two or three miles and can obscure the visibility on the highway. Barmet has received numerous complaints regarding the emissions since beginning operations in 1974. The evidence at trial established that the pollution control system would frequently malfunction, resulting in the escape of emissions. There was no mechanism employed or procedure which could accurately predict when the emissions would escape, however, the pollution control system malfunctioned regularly. Testimony at trial disclosed that the frequency of the emissions ranged from occasional to once to twice a week. The emissions would appear as a fog but would not dissipate as rapidly.

On January 23, 1978, Debra Robinson Herron died in an automobile accident on Highway 66. Her personal representative sued Barmet and another driver for wrongful death. The complaint alleged that Barmet's emissions reduced the visibility on the highway two or three miles from Barmet's plant and was the proximate cause of Herron's death. Barmet forwarded a copy of the complaint to Security.

Security denied coverage and sought a declaratory judgment based upon the following policy exclusion:

This insurance does not apply:

    \*    \*    \*    \*    \*    \*

(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental;

The trial court found that Security was not obligated to defend the wrongful death claim because the escape of the gases was not sudden and accidental.

On appeal, Barmet raises two issues: Whether the exclusionary clause is ambiguous and must be construed in favor of Barmet, and whether insurance coverage may be excluded where the damages were neither expected nor intended by Barmet, even though the escape of the emissions was foreseeable and predictable.

■ Where an insurance contract is found to be ambiguous, courts will adopt the construction most favorable to the insured. The test to be applied in determining whether an insurance contract or its provisions is ambiguous is whether or not reasonably intelligent men, upon reading the contract, would honestly differ as to its meaning. *O'Meara v. American States Insurance Co.*, (1971) 148 Ind.App. 563, 268 N.E.2d 109. Barmet argues that the pollution exclusion clause is ambiguous and has submitted five cases from foreign jurisdictions, which found similar exclusionary clauses to be ambiguous, to support their argument. Even if this court were to find the clause ambiguous and interpret the provisions favorably for Barmet, the underlying factual determinations establish that insurance coverage was excluded.

■ The trial court made a factual determination that the emissions, that may have led to the Herron accident, were not sudden and accidental. When findings of fact and conclusions of law are filed, the court on appeal shall not set aside the findings or the judgment unless clearly erroneous. Due regard shall be given to the opportunity of

the trial court to judge the credibility of witnesses and the reviewing court shall accept the findings made by the trial court if they are supported by evidence of probative value. *Cornett v. Cornett*, (1980) Ind.App., 412 N.E.2d 1232. In the present case, there was substantial evidence introduced showing that Barmet emitted gases which would not dissipate quickly. Although Barmet could not predict exactly when its pollution control system would malfunction, it was shown that Barmet's system malfunctioned on a regular and frequent basis, ranging from daily to occasional. Barmet was aware of this problem and had received numerous complaints. With this factual background, we cannot accept Barmet's contention that the discharge of the emissions was sudden and accidental within the meaning of the policy.

The second issue Barmet raised is whether they are entitled to coverage because the resulting accident was unintended and the fugitive emissions were unforeseen and unpredicted. Barmet argues that they had no knowledge that the emissions would travel two or three miles from their plant. The facts do not support Barmet's argument that the emissions were unforeseeable or unpredictable because Barmet had been emitting gases regularly and frequently since beginning its operations. Although Barmet may not have intended for the emissions to obstruct the visibility and thus, perhaps, contribute to the accident, this problem was certainly foreseeable because Barmet had received numerous complaints regarding their emissions. Barmet may have been unable to predict the exact time when the emissions would be discharged, but they certainly knew the emissions would continue as a part of their business operations. We remain unpersuaded that the accident was unforeseeable and unpredictable.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.